ELADIO LEBRÓN LEDEE, Plaintiff and Appellant, *v.* PUERTO
  RICO AQUEDUCT AND SEWER SERVICE, represented by Sergio
  Cuevas Bustamante, Manager, Defendant and Appellee.
  AGUSTÍN BERMÚDEZ OCASIO, Plaintiff and Appellant, *v.*
  THE SAME, Defendant and Appellee.

Nos. 9513 and 9514. Argued December 2, 1947.—Decided January 13, 1948.

*Frank Torres* for appellants. *Manuel A. Bustelo, Miguel Parga* and
  *James E. Curry* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the
  Court.

Answering each of the complaints filed by two of its em-
ployees, who claimed compensation for a number of hours
worked in excess of the eight daily working hours, and for
certain hours worked on Sundays, the Puerto Rico Aqueduct
and Sewer Service, hereinafter referred to as "the Service,"
set up as a special defense:

"That Act No. 49 of August 7, 1935, establishing the daily work-
ing hours in Puerto Rico, and Act No. 80 of May 5, 1931, as amended

1

by Act No. 24 of April 15, 1935, which provides among other things, for the payment of double compensation for any hour worked in excess of the regular hours, as well as the Act establishing Sunday as a day of rest, are not applicable to the Puerto Rico Aqueduct and Sewer Service, for the following reasons: (a) Because the Puerto Rico Aqueduct and Sewer Service has never been nor is now a commercial establishment, an industry, or a lucrative business.

(b) Because the employees of the Service are governed by special laws and regulations having the force of law, and not by the above-mentioned Acts."

After the two cases were tried in the District Court of Guayama, judgment was rendered sustaining the special defense, dismissing the actions, and ordering the filing away of both complaints. The plaintiffs thereupon appealed to this Court, and both cases were finally submitted on December 2, 1947.

The question which we must consider and decide is whether the corporation "Puerto Rico Aqueduct and Sewer Service" is exempt, either by the Act creating it—No. 40 of May 1, 1945—or by any other Act, from heeding and complying with the provisions of the Acts that regulate the working hours, which have been enacted for the protection of the life, health, and safety of the workingmen, and which tend to protect the latter against exploitation on the part of their employers. The lower court based its decision on the conclusion that, in its judgment, the Service "is not a commercial, industrial, or agricultural establishment, nor a lucrative enterprise or business," and hence is not bound to comply with the provisions of said Acts.

The Organic Act of Puerto Rico, approved March 2, 1917, provides in its § 2, penultimate paragraph, as follows:

"That eight hours shall constitute a day's work in all cases of employment of laborers and mechanics by and on behalf of the Government of the Island on public works, except in cases of emergency."

The above-transcribed paragraph is a clear expression of the intention of the Congress to prohibit the Government of

Puerto Rico from compelling the laborers employed on public works to work more than eight hours on a working day.

On August 7, 1935, there was approved Act No. 49, of the Insular Legislature, entitled "An Act to regulate the working hours of persons employed in commercial and industrial establishments and in other lucrative businesses and for other purposes." (Laws of 1935, p. 538.) Section 1 of said Act provides:

"Section 1.—No person shall be employed or shall be permitted to work in *any commercial, industrial, or agricultural establishment or in any other lucrative business* more than eight (8) hours during any natural day, except in case of some extraordinary event or emergency caused by fire, famine, or flood, or danger to life, property, or public safety or health or under any other special circumstance, etc." (Italics ours.)

Section 4 of that same Act, in its pertinent part, provides as follows:

"Section 4.—In this Act, unless it is otherwise deduced from the context, the following definitions of words and phrases herein shall be accepted:

\*        \*        \*        \*        \*        \*        \*

"*Lucrative occupation* includes all work or labor in factories, mills, centrales, machine shops, or establishments or places of any kind where there is a machine factory or enterprise, . . . . . , and in all mining or fishing enterprises, or enterprises of any other kind, whether industrial, commercial, or agricultural;"

Act No. 289 of April 9, 1946, provides:

"Section 1.—All employees of *any commercial or industrial establishment, enterprise, or lucrative business* not subject to the provisions of Section 553 of the Penal Code of Puerto Rico, as subsequently amended, relative to the closing to the public, shall be entitled to one day of rest for every six (6) working days." (Italics ours.)

That Act further provides that if the employee is permitted to work on the day of rest, the employer must pay him double compensation for the hours worked during that

day; and that for the purpose of the Act "*employee* shall be understood to mean any employee, laborer, clerk, workman, day laborer or person who works for an employer for a salary, wage, or any other compensation."

The lower court in its opinion stated that "after a slight examination of the pertinent Sections of Act No. 40 of May 1, 1945," which created the Service, it reached the conclusion that "the defendant instrumentality is not a commercial, industrial, or agricultural establishment, nor a lucrative business." Let us examine more closely the provisions of said Act.

By § 2 of the "Aqueduct and Sewer Act of Puerto Rico" a body corporate and politic is created with the Governor of Puerto Rico, the Treasurer of Puerto Rico, the Commissioner of Health of Puerto Rico, the Commissioner of the Interior of Puerto Rico, and the Commissioner of Labor of Puerto Rico, constituting a public corporation and governmental instrumentality of The People of Puerto Rico.

The Service was created in order to provide the inhabitants of Puerto Rico, "at the lowest possible cost," with an adequate service of sanitary sewage disposal and an ample regular supply of pure water for domestic, industrial, and commercial purposes. (§ 4.)

Said § 4 also grants to the corporation the powers necessary to sue and be sued, "except that it shall not be sued for damages arising from the real or alleged impurity, irregularity, or insufficiency of the water supplied by it"; to make contracts; and to appoint agents and employees.

Section 5(*b*), in its pertinent part, reads thus:

"(*b*) *The wage rates and other terms and conditions of employment* in the Service *shall be not lower in compensation and, on the average, not less favorable to the interests of the employee than the wages, terms and conditions prevailing for work of a similar nature* in the community in which said work is performed." (Italics ours.)

As the purposes for which the Service is created are the preservation of public health, the promotion of the general

welfare, and the increase of commerce and prosperity, § 16 provides that "the Service shall not be required to pay any insular or municipal taxes or assessments on any of the property acquired by it, . . . or on its activities in the operation and maintenance of any undertaking, or on the income derived from any of its undertakings and activities."

We do not deem it necessary to consider or determine whether or not the defendant corporation is a lucrative enterprise or business, since we think that in either case the laws regulating the salaries and conditions of work are applicable to the Aqueduct and Sewer Service of Puerto Rico.

The careful examination which we have made of the Act creating the defendant corporation has failed to give us the slightest indication that when the Legislature provided that the water and sewerage services should be furnished "at the lowest possible cost," it intended to authorize the "Service" to make savings through the exploitation of its workmen, compelling them to work, without additional compensation, more hours than those fixed by the laws in force, and not granting them a day of rest on Sundays. On the contrary, the clear and definite provisions of § 5(b) of Act No. 40 of 1945, *supra,* in our judgment, constitute an express legislative mandate, to the effect that the wages to be paid by the Service to its employees shall not be lower than those paid in the community to employees of a similar class, and that the other terms and conditions of employment—working hours, compensation for overtime, and days of rest—shall not be less favorable to the interests of the employees than the terms and conditions prevailing in the community in which they perform their work. The only wage rates and terms and conditions of employment which might prevail in any insular community are those which conform to the provisions of the laws in force.

We fail to find in the Act creating the Puerto Rico Aqueduct and Sewer Service any provision indicative of a legislative intention to establish or authorize a discrimination

6

against the employees—laborers, clerks, workmen, or day laborers—who render services to the defendant corporation for a wage, salary, or any other remuneration.

The judgments appealed from are erroneous, as they are contrary to the laws in force. Therefore, they should be reversed, and the two cases remanded to the lower court for further proceedings not inconsistent with this opinion.